UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CLEMENT HENRY, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                              **COMPLAINT**

              Plaintiff,

                              **Docket No.:  17-CV-5041**

            -against-

                              Jury Trial Demanded

PRISHTINA CONSTRUCTION DESIGNS, INC., and
FLAMUR PRISHTINA, individually,

              Defendants.
-------------------------------------------------------------------------X

      Plaintiff, CLEMENT HENRY ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PRISHTINA CONSTRUCTION DESIGNS, INC. ("PCD"), and FLAMUR PRISHTINA ("Prishtina"), an individual, (together as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

      1.    This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 and N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at the

1

time of hiring containing specific categories of accurate information, NYLL § 195(1); (v) the NYLL's requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL §191; (vi) the FLSA's anti-retaliation provision, 29 U.S.C. § 215(3); (vii) one of the NYLL's anti-retaliation provisions, N.Y. Lab. Law § 215(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a construction company and his former supervisor who is the company's principal - - as a laborer from in or about June 2011 to June 12, 2017. As described below, throughout the entirety of his employment, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, the Defendants required Plaintiff to routinely work more than forty hours per workweek, but intentionally failed to compensate him at any rate of pay, and thus not at the statutorily-required overtime rate for each hour that he worked per week in excess of forty. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday and failed to provide Plaintiff with a proper wage notice at the time of hiring, both as the NYLL requires. Furthermore, Defendants violated the NYLL by failing to pay Plaintiff, a manual laborer, all of his wages owed on at least as frequently as a weekly basis.

3. Defendants paid and treated all of their non-managerial construction laborer employees in the same manner.

4. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff

brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

5.  Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

6.  Furthermore, on an individual basis only, Plaintiff brings claims against Defendants for violating the anti-retaliation provisions of the FLSA and NYLL, as after Plaintiff complained to Defendants that they were not paying him overtime for all of his hours worked per week in excess of forty, Defendants retaliated by terminating his employment.

## JURISDICTION AND VENUE

7.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

8.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the acts and/or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

9.  At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA and the NYLL.

10. At all relevant times, Defendant PCD was and is a corporation organized under the laws of the State of New York, with its principal place of business located at 5223 Skillman Avenue, Woodside, New York, 11972.

11. At all relevant times, Defendant Prishtina was the principal shareholder and day-to-day overseer of PCD.

12. At all relevant times, Defendants were employers within the meaning of the FLSA, the NYLL, and the NYCCRR. Additionally, Defendant PCD's qualifying annual business exceeded and exceeds $500,000, and it was engaged in interstate commerce within the meaning of the FLSA as it, on a daily basis, used goods, equipment, and other materials in the course of its business, such as, building materials, sheetrock, plywood, nail-guns, circle-saws, tools, and ladders, much of which originates in states other than New York, the combination of which subjects Defendant PCD to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial construction laborers who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

4

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

15. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly-situated whom, during the applicable statutory period, Defendants also subjected to violations of the NYLL and the NYCCRR.

17. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

18. The Rule 23 Class that Plaintiff seeks to define includes:

> Current and former employees of Defendants who performed any work for Defendants as non-managerial construction laborers during the statutory period within the State of New York, who: (1) did not receive compensation at the legally-required overtime rate of pay for each hour worked per week over forty; and/or (2) were not provided with accurate wage statements on each payday pursuant to NYLL § 195(3); and/or (3) were not provided with an accurate wage notice at the time of hiring pursuant to NYLL § 195(1); and/or (4) were not paid all wages owed on at least a weekly basis.

### Numerosity

19. During the previous six years the Defendants have, in total, employed at least forty individuals that are putative members of this class.

### Common Questions of Law and/or Fact

20. There are common questions of law and fact common to each and every Rule 23 Plaintiff, including but not limited to the following: (1) the duties that the Defendants required the Rule 23 Plaintiffs to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Defendants required the Rule 23 Plaintiffs to work in excess of forty hours per week; (4) whether Defendants compensated the Rule 23 Plaintiffs at the statutorily required rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (5) whether Defendants furnished the Rule 23 Plaintiffs accurate wage statements on each payday as NYLL §195(3) requires; (6) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage notice at the time of hire as NYLL § 195(1) requires; (7) whether Defendants paid the Rule 23 Plaintiffs all wages owed on at least weekly basis, as NYLL § 191 requires; (8) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (9) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (10) whether Defendants maintain any

affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions were in violation of the NYLL and the NYCCRR; and (12) if so, what is the proper measure of damages.

### Typicality of Claims and/or Defenses

21. As described in the facts section below, Defendants employed Plaintiff as a non-managerial construction laborer. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Defendants failed to pay the Rule 23 Plaintiffs at their respective overtime rates of pay for all hours worked per week in excess of forty. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCCRR to be: (1) paid one and one-half times their respective rates of pay for all hours worked per week in excess of forty; (2) furnished with accurate wage statements on each payday; (3) furnished with accurate wage notices at the time of hire; and (4) paid all wages owed on at least a weekly basis.

22. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCCRR, namely, under compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

23. Plaintiff worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Furthermore, Defendants' treatment of Plaintiff was substantially-similar, if not identical, to Defendants' treatment of the Rule 23 Plaintiffs. Defendants routinely undercompensated Plaintiff and the Rule 23 Plaintiffs, failing to pay them at one and one-half times their regular rates of pay for all hours worked each week in excess of

forty. Defendants also failed to provide Plaintiff and the Rule 23 Plaintiffs with accurate wage statements on each payday or accurate wage notices at hire, nor did they pay them all wages owed on at least a weekly basis.

24. Plaintiff is no longer employed with the Defendants and thus has no fear of retribution from Defendants for his participation in this action. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and as to all matters that may be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants similarly mistreated.

### Superiority

25. Defendants treated Plaintiff and the Rule 23 Plaintiffs in a substantially similar manner. As such, the material facts concerning Plaintiff's claims are substantially similar, if not identical, to the material facts concerning the Rule 23 Plaintiffs' claims.

26. Any lawsuit brought by one of Defendants' non-managerial construction laborers for Defendants' violations of the NYLL and the NYCCRR would be practically identical to a suit brought by any other employee of Defendants working in that capacity for the same violation.

27. Accordingly, a class action lawsuit would be superior to any other method for protecting the Rule 23 Plaintiffs' rights.

28. In addition, Plaintiff's attorneys are qualified, experienced, and able to conduct this litigation. Plaintiff's attorneys' practice is concentrated primarily in the field of employment law and they have extensive experience in handling class action lawsuits arising out of employers' violations of the provisions of the NYLL and the NYCCRR at issue in this case.

## BACKGROUND FACTS

29. Defendant PCD is a construction business that provides its services to customers throughout New York City and Westchester County, New York.

30. At all relevant times, Defendant Prishtina was and is the principal shareholder and day-to-day overseer of PCD, who in that capacity was responsible for determining employees' rates, frequency, and methods of pay and the hours that employees were required to work. Furthermore, Defendant Prishtina personally hired and fired Plaintiff and all other PCD employees.

31. Defendants employed Plaintiff to work as a construction worker from in or about June 2011 to June 12, 2017. Throughout his employment, Plaintiff's duties mainly consisted of manual labor including, but not limited to, carpentry, cabinetry, plastering, tilework, flooring, framing, hanging sheetrock, painting, plumbing, electrical work, carrying materials and tools, and keeping work areas clean. On a daily basis, Plaintiff performed this work using sheetrock, plywood, nail-guns, circle-saws, tools, and ladders. Plaintiff performed these tasks at different job sites primarily in Brooklyn and in Queens, but would occasionally perform these tasks in Manhattan and Westchester.

32. Throughout the entirety of his employment, Defendants required Plaintiff to work, and Plaintiff did work, from 8:30 a.m. to 6:30 p.m., six days per week, with a thirty-minute lunch break each day, for a total of fifty-seven hours per week.

33. Throughout the entirety of his employment, Defendants paid Plaintiff a flat weekly rate of $720.00, which was intended to cover only the first forty hours that Plaintiff worked each week, and which makes Plaintiff's straight-time rate $18.00 per hour.

9

34. Throughout his entire employment, Defendants did not pay Plaintiff at any rate of pay, let alone his overtime rate of pay of $27.00 per hour, for any hours that he worked in excess of forty per week.

35. By way of example only, during the workweek of May 8 to May 14, 2017, Plaintiff worked from Monday May 8th through Saturday May 13th, from 8:30 a.m. to 6:30 p.m. on each of those days, with a thirty minute break each day, for a total of fifty-seven hours, and Defendants paid him $18.00 per hour for only his first forty hours of work and nothing for his hours worked in excess of forty.

36. By way of another example, during the workweek of May 22 to May 28, 2017, Plaintiff worked from Monday May 22nd through Saturday May 27th from 8:30 a.m. to 6:30 p.m. on each of those days, with a thirty minute break each day, for a total of fifty-seven hours, and Defendants paid him $18.00 per hour for only his first forty hours of work and nothing for his hours worked in excess of forty.

37. Defendants were required to pay Plaintiff on a weekly basis.  Yet, Defendants would frequently delay his payment by one to three weeks after his pay was due.  During the relevant time period, Defendants delayed Plaintiff's payment at least once each month, but often twice each month that Plaintiff worked.

38. On each occasion when they paid Plaintiff from approximately 2014 through 2017, Defendants did not provide Plaintiff with a wage statement that accurately reflected, *inter alia*, the amount of hours that he worked each week, his straight-time rate of pay for each hour worked up to forty per week, or his overtime rate of pay for each hour that he worked in excess of forty in a given workweek.  Prior to 2014, Defendants paid Plaintiff entirely in cash and did not provide him with any wage statements at all.

39. Moreover, Defendants did not furnish Plaintiff at the time of his hire, or any time thereafter, with a wage notice that accurately stated, *inter alia*, his rate(s) of pay, including any overtime rate of pay.

40. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

41. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

42. Every hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

43. On Friday, June 9, 2017, Plaintiff complained to Defendant Prishtina about Defendant Prishtina's failure to pay Plaintiff overtime compensation, as well as the fact that Defendant Prishtina delayed compensating Plaintiff for between one and three weeks at a time, once or twice a month. On the following Monday, June 12, 2017, Defendants terminated Plaintiff's employment without providing a reason.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

44. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

46. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

47. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

48. Defendants willfully violated the FLSA.

49. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

53. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

54. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

59. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

60. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with wage statements on each payday accurately containing the criteria that the NYLL requires.

61. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $100 for each workweek after the violation occurred, up to the statutory cap of $2,500.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

64. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

65. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

66. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with accurate wage notices upon hire containing the criteria required under the NYLL.

67. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workweek after the violation occurred, up to the statutory cap of $2,500.

68. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workday after the violation occurred, up to the statutory cap of $5,000.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Timely Wages in Violation of NYLL*

69. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. NYLL § 191(1) requires employers to pay "manual workers" all wages owed on at least as frequently as a weekly basis.

71. As described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action were "manual workers" under the NYLL in that at least 25% of their work was spent performing manual tasks.

72. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with all wages owed on at least as frequently as a weekly basis, in violation of NYLL § 191(1).

73. As a result, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the FLSA, 29 U.S.C. § 215(3)*

74. Plaintiff, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. Under FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under . . . this chapter, or has testified or is about to testify in any such proceeding."

76. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

77. As also described above, after Plaintiff lodged a good faith complaint with Defendants about their violations of the provisions of the FLSA, Defendants retaliated by terminating Plaintiff's employment.

78. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

79. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

80. Additionally, Plaintiff is entitled to attorneys' fees, liquidated damages, and punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provision.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL § 215(1)*

81. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82. Under NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation . . . shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

83. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

84. As also described above, after Plaintiff lodged a good faith complaint with Defendants about their violations of the provisions of the NYLL and NYCCRR, Defendants retaliated by terminating Plaintiff's employment.

85. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

86. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

87. Additionally, Plaintiff is entitled to attorneys' fees, liquidated damages, interest, and punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provision.

88. Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is filing a Notice of Claim with the Office of the New York State Attorney General, thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

**DEMAND FOR A JURY TRIAL**

89. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participating in this litigation in any form or manner;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' unlawful conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that they would have received but for Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

j. Designation of Plaintiff and his counsel as class representatives under Rule 23;

k. All compensatory damages that Plaintiff has individually sustained as a result of the Defendants' unlawful retaliatory conduct, including back pay, front pay, damages to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment, emotional distress damages, general and special damages for lost compensation and employee benefits that he would have received but for the Defendants' unlawful conduct, and any other out-of-pocket losses that Plaintiff has incurred or will incur;

l. Punitive damages, as provided by law, in connection with Plaintiff's individual retaliation claims;

m. Pre-judgment and post-judgment interest, as provided by law; and

      n.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs any other and further relief as this Court finds necessary and proper.

Dated: August 25, 2017
       Great Neck, New York

                        Respectfully submitted,

                        BORRELLI & ASSOCIATES, P.L.L.C.
                        *Attorneys for Plaintiff*
                        1010 Northern Boulevard, Suite 328
                        Great Neck, New York 11021
                        Tel. (516) 248-5550
                        Fax. (516) 248-6027

                        _____
                        CAITLIN DUFFY, ESQ (CD 8160)
                        ALEXANDER T. COLEMAN, ESQ (AC 8151)
                        MICHAEL J. BORRELLI, ESQ (MB 8533)