UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 17-cv-5041 (ILG) (RER)

———————————

CLEMENT HENRY, on behalf of himself,
individually, and on behalf of all others similarly-situated,

Plaintiffs,

-AGAINST-

PRISHTINA CONSTRUCTION DESIGNS, INC.,
FLAMUR PRISHTINA, individually,

Defendants.

———————————

**SUA SPONTE REPORT & RECOMMENDATION**

October 22, 2018

———————————

**TO THE HONORABLE I. LEO GLASSER,
UNITED STATES SENIOR DISTRICT JUDGE**

**RAMON E. REYES, JR., USMJ:**

Plaintiff Clement Henry ("Henry") brings this action on behalf of himself and other similarly situated current and former construction workers employed by defendant Prishtina Construction Designs, Inc. ("PCD") and individual owner Flamur Prishtina ("Prishtina") (collectively "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), §§ 190 *et seq.* Following the Plaintiff's failure to appear for a scheduled deposition on August 28, 2018, the Defendants moved for sanctions under Rule 37(b)(2)(a)(v) and 37(d)(1)(a)(i) of the Federal Rules of Civil

1

Procedure ("FRCP"). (Dkt. No. 51). The day after Defendants filed their motion, Plaintiff's counsel moved to withdraw, citing Plaintiff's failure to communicate with counsel and failure to cooperate in his case. (Declaration of Caitlin Duffy, Dkt. No. 52-1 ("Duffy Decl.") ¶¶ 21-22). In response to these motions, I ordered Plaintiff to appear in person at the Final Pre-trial Conference scheduled for September 27, 2018, and warned Plaintiff that "[f]ailure to appear will result in a recommendation that the case be dismissed for failure to prosecute and follow a court order." (Dkt. Entry for 9/18/2018). Plaintiff did not appear at the September 27, 2018 conference as ordered. (Minute Order for 9/27/2017). At the conference, the Court requested that Plaintiff's counsel submit an affidavit outlining her attempts to contact Plaintiff in recent weeks, (Transcript of the 9/27/2018 Final Pretrial Conference, Dkt. No. 56 ("FPC Tr.") 3:11-12), which she did on September 28, 2018. (Dkt. No. 54). The Court also ordered the Defendants to decide if they would be willing to drop their counterclaims in the event of a dismissal for failure to prosecute. (FPC Tr. 4:3-7). The Defendants submitted a letter on September 28, 2018, consenting to drop their counterclaim against Plaintiff without prejudice if the Court dismisses the Complaint. (Dkt. No. 55). For the following reasons, I respectfully recommend that the action be dismissed under Rule 41(b) for failure to prosecute, that the Defendants' motion for sanctions pursuant to Rule 37(d)(3) be denied.

## Discussion

I.   <u>Rule 41(b)</u>

Rule 41(b) grants the court discretion to dismiss a case if a plaintiff fails to prosecute or fails to comply with a court order. Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) operates as an adjudication on the merits, *id.*, but may be without prejudice if so specified by the court

2

imposing it. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). A court considering a Rule 41(b) dismissal must weigh five factors, none of which is dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). The central purpose of Rule 41(b) is to impose a duty of due diligence on plaintiffs and to allow Courts to adjudicate cases in a prompt and orderly manner. *See Lyell Theatre Corp.*, 682 F.2d at 43; *Parsons v. Gallagher*, No. 17-CV-0365 (MKB) (JO), 2017 WL 8780141, at *1 (E.D.N.Y. Oct. 24, 2017), *R&R adopted by*, 2018 WL 1701920 (E.D.N.Y. Apr. 6, 2018). However, dismissal under Rule 41(b) is "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank of N.Y.*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

      Here, the factors weigh strongly in favor of dismissal. Since the end of August, Plaintiff has ceased regular communication with his counsel. (Dkt. No. 52; Duffy Decl. ¶ 18). Plaintiff failed to appear for his noticed deposition on August 28, 2018, and missed a mandated court appearance on September 27, 2018. (Duffy Decl. ¶ 12; Minute Order for 9/27/2018). Prior to the conference, Plaintiff explained to his attorney that he had some deaths and illnesses in his family that prevented him from participating in the case at this time, but he wanted to continue to pursue his claims. (FPC Tr. 5:7-13). However, since missing the September 27th conference, Plaintiff has not provided the Court with any explanation for his absence or expressed any wish to continue with this action, despite repeated warnings from both the Court and his counsel that his continued absence would result in a recommendation of dismissal. (Dkt. Entry for 9/18/2018;

Dkt. No. 54-1; FPC Tr. 8:2-6). Additionally, the delay caused by the Plaintiff's absence at this point in the case means that Defendants face a discovery deadline and cannot proceed to dispositive motions or other resolution of this case. (Dkt. No. 51). Given that the Defendants include a small business and its single owner, there is a strong likelihood that they will be prejudiced by delay, uncertainty, and rising litigation costs.

Plaintiff was warned that his failure to appear at the conference could result in dismissal of his action. Even though that conference was over twenty days ago, Plaintiff has not contacted the court to explain why he missed the conference or to indicate that he wishes to continue this action. Although this delay is not yet substantial, the Court sees no reason to stretch the delay over months while the litigation stagnates. Although on its face, the current delay in the case of just under two months may not seem to warrant the extreme sanction of dismissal, the fact that the Plaintiff appears to have abandoned this action is cause enough for dismissal. Given the Plaintiff's failure participate in the case since August, and his failure to respond to the Court's September 27th Order, it is unlikely that a sanction other than dismissal will prove effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-3716 (RRM) (RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) (holding that given the plaintiff's failure to respond to a court order, lesser sanctions than dismissal would be ineffective). Therefore, I respectfully recommend that the complaint be dismissed for failure to prosecute.

II. Rule 37(d)

Regardless of whether Your Honor adopts my recommendation to dismiss the complaint under Rule 41(b), I respectfully recommend denying Defendants' motion for sanctions under Rule 37(d) as a result of Plaintiff's failure to appear for his scheduled deposition. (Dkt. No. 51). Rule 37 authorizes a court to order sanctions if: "a party . . . fails, after being served with proper

notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). In addition to the sanctions outlined in Rule 37(b)(2)(A), a court "must require the party failing to act, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).  Here, Plaintiff communicated to his attorney that his father passed away around the time of the deposition on August 28. (FPC Tr. 5:7-8). Although the Court has been unable to corroborate this event, if true, it would provide an adequate excuse for missing the deposition. Furthermore, given that I am already recommending the more extreme sanction of dismissal for failure to prosecute, I do not believe that an additional sanction is warranted at this time. However, if Your Honor allows this case to proceed, further absences or a lack of cooperation on the part of the Plaintiff will result in monetary sanctions.

## Conclusion

For the reasons set forth herein, I respectfully recommend that this action be dismissed with prejudice under Rule 41(b) for failure to prosecute. Additionally, I recommend that the Defendants' motion for sanctions pursuant to Rule 37(d)(3) be denied.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable I. Leo Glasser within fourteen days of receipt hereof.  Failure to file timely objections may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SO ORDERED.

_____/s/_____
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: October 22, 2018
       Brooklyn, New York

5